**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

HARRY T. S.,

Claimant,

v.

FRANK BISIGNANO,
*Commissioner of Social Security*,

Respondent.

Case No. 2:25-cv-622

## OPINION & ORDER

Before the Court is Claimant Harry T. S.'s objection to a Report and Recommendation ("R&R") finding that the discrepancies in the administrative record of this Social Security appeal require remand. ECF No. 27. Because the administrative record is incomplete and would prevent the Court from undertaking a fulsome review of the Commissioner's benefits determination, the claimant's objection will be denied, and the R&R will be adopted.

## I. BACKGROUND

The claimant first filed for disability benefits on June 27, 2014, and his application was denied. ECF No. 10 at 141. He alleges his disability began on June 20, 2012 (first date of disability), and that the date he was last insured ("DLI") was June 30, 2015. ECF No. 18 at 1. On January 25, 2017, after reviewing the claimant's application and conducting a hearing, an administrative law judge ("ALJ") concluded that the claimant was not eligible for disability benefits because he was not disabled

during the period between his first date of disability and his DLI. ECF No. 10 at 19–26. The claimant sought review of that decision, but the Appeals Council denied the request. *Id.* at 1–4.

The claimant brought a civil action in the United States District Court for the District of New Jersey. ECF No. 10 at 465. On August 31, 2020, the court vacated the denial of benefits and remanded the case for reconsideration because the claimant had produced new medical evidence. *Id.* at 465–68. The Appeals Council accordingly vacated the ALJ's decision and remanded for further proceedings consistent with the district court's opinion. *Id.* at 412.

On August 26, 2022, an ALJ issued a new decision, again, concluding the claimant was not eligible for disability benefits. ECF No. 10 at 481–89. But the Appeals Council vacated the 2022 decision and remanded with instructions to reevaluate certain evidence related to the claimant's residential functional capacity ("RFC"). *Id.* at 499–500. The ALJ then issued a third decision, on September 7, 2023, denying the claimant disability benefits because he was not disabled during the relevant period, June 20, 2012 to June 30, 2015. ECF No. 10 at 307–24. The Appeals Council denied review, and the claimant filed a complaint in this Court seeking review of the third benefits determination. ECF No. 3.

The Commissioner moved to remand this case pursuant to 42 U.S.C. § 405(g). ECF No. 23. The Commissioner claims that the administrative record contains errors in transcription of a vocational expert's testimony about whether certain jobs were available to a hypothetical person with the claimant's age, experience, and RFC—a

necessary element of the Social Security Administration's benefits evaluation. *See* ECF No. 10 at 365–67. Because of those errors, the Commissioner requests the Court remand for a new hearing to complete the administrative record and permit the ALJ to issue a fourth decision on the claimant's eligibility for disability benefits. ECF No. 26 at 5; ECF No. 38 at 5:6–5:22. The R&R recommends that the Commissioner's motion be granted because the transcription errors leave factual issues relevant on appeal unresolved and that, on remand, those errors would be corrected. ECF No. 27 at 2–5. The claimant timely objected to the R&R. ECF No. 28.

The Court held a hearing on the claimant's objection to the R&R in order to gain clarity on the Commissioner's position on remand and the claimant's opposition to that remedy.[1]

## II. LEGAL STANDARD

When a party files a written objection to a magistrate judge's R&R, the district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

A district court may "affirm[], modify[], or revers[e] the decision of the Commissioner of Social [S]ecurity, with or without remanding the cause for a

---

[1] The claimant has moved for leave to supplement his arguments made at the hearing. ECF No. 37. That motion will be denied because the Court is satisfied that it has sufficient information to reach its decision based on the briefing and arguments elicited at the hearing, and nothing in the proposed supplement alters the conclusions reached here.

rehearing." 42 U.S.C. § 405(g). Only "where it is clear that there is no account on which substantial evidence would support a denial of coverage" should the court reverse to direct an award of benefits. *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540, at *4 (4th Cir. Feb. 1, 2022) (unpublished). But when there is "no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citations and quotation marks omitted).

## III. ANALYSIS

The Commissioner asks the Court to remand to resolve errors in the administrative record because only with a complete record could the Court review whether the ALJ's decision is supported by substantial evidence. The claimant argues that remand is unnecessary and that, instead, the Court should reverse and direct an award of benefits, because (1) substantial evidence in the record supports a finding that he is disabled and (2) remand would result in additional delay in a case that has been pending for over a decade. Though the Court is sympathetic to the laborious process the claimant has endured, reversal is not appropriate here.

The claimant stakes his argument for reversal on off-task limitation findings in the 2017 and 2022 benefits decisions. He argues that because the ALJs in both instances found that he had an off-task limitation, the 2023 decision should have considered the earlier off-task limitation findings. ECF No. 28 at 2–4; ECF No. 38 at 9:9–10:4. Additionally, the claimant contends that the Court should now consider the off-task limitation findings from the first two decisions to conclude "that there is no

account on which substantial evidence would support a denial of coverage." *Carr*, 2022 WL 301540, at *4.

The 2023 decision is the only operative one. And there, the ALJ was not confined by the findings in any prior adjudication. The 2017 decision and its findings were vacated when the district court remanded the case and the Appeals Council subsequently remanded to an ALJ to issue the 2022 decision. *See* 20 C.F.R. § 404.984(a) (When a decision is remanded by a district court for further consideration and an ALJ issues a new decision, that decision "become[s] the final decision of the Commissioner."). And on remand from the Appeals Council, an ALJ must take "any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b).

The 2022 remand required the ALJ to evaluate opinion evidence relevant to the claimant's RFC by

> obtain[ing] additional evidence concerning the claimant's impairments in order to complete the administrative record . . . [g]ive further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific reference to evidence of record in support of assessed limitations . . . [and] [i]f warranted . . . obtain supplemental evidence from a vocational expert to determine whether the claimant has acquired any skills that are transferable to other occupations.

ECF No. 10 at 500.

The exact findings that the claimant argues should control and should have been taken into consideration in 2023 were those that the Appeals Council directed

the ALJ to reevaluate. Therefore, the claimant's RFC determination in 2023 stands alone, and the Court is not required to take into consideration any earlier findings.[2]

The claimant concedes that the record before the Court "contains significant errors." ECF No. 28 at 6. Because of discrepancies in the vocational expert's testimony, the record does not accurately capture whether certain jobs were available to a hypothetical person with the claimant's age, experience, and RFC. ECF No. 10 at 365–67. That evidence is essential to determine whether the claimant's application for disability benefits succeeds at step five of the benefits assessment.

An ALJ "must build an accurate and logical bridge from the evidence to their conclusions." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citation and quotation marks omitted). But where that logical bridge cannot be ascertained from the record, the proper course is "to remand to the agency for additional investigation or explanation." *Radford*, 734 F.3d at 295 (citations and quotation marks omitted).

---

[2] The claimant cites *Albright v. Commissioner*, 174 F.3d 473, 477–78 (4th Cir. 1999), for the proposition that "while prior ALJ findings are not strictly binding . . . they are highly probative and cannot be arbitrarily disregarded or changed without explanation or new evidence." ECF No. 28 at 5. To the claimant, *Albright* requires an ALJ to give deference to prior ALJ findings. However, the claimant's reliance on *Albright* is misplaced. The Fourth Circuit articulated a narrow rule in *Albright*, holding that where a defendant was previously found to be disabled, the court held that the Commissioner needed to "produce[] substantial evidence of improvement in [the claimant's] condition" to support its finding. *Id.* at 477. "Absent such evidence, however, common sense and logic dictated that [the claimant's] physical condition was unlikely to have improved significantly within two weeks." *Id.* As explained above, that is not the case here. Even as it evaluated new medical evidence, the Commissioner's conclusion that the claimant was not disabled remained the same.

The claimant also cites the significant time period—over a decade—that these proceedings have continued. The Court is wary that remanding will exacerbate an already lengthy delay in a final resolution of this case, but the Court is simply unable to review the ALJ's decision without a complete and accurate administrative record.

That said, with the past 12 years of proceedings in mind, the Court implores the Commissioner to efficiently complete the administrative record and provide the claimant with an accurate, thorough benefits determination. After all, "Social Security proceedings are inquisitorial rather than adversarial," and "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000). Because that duty rests with the ALJ, it is on the agency to ensure that this process is "fundamentally fair." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).[3]

## IV. CONCLUSION

Based upon a *de novo* review of the issues to which claimant Harry T. S. objects, the objections (ECF No. 28) are **OVERRULED**. The Honorable Douglas E. Miller's Report and Recommendation (ECF No. 27) is **ADOPTED**.

[3] The claimant notes, and the Commissioner concedes, that in the 2022 hearing, the vocational expert conflated off-task limitations and sit-stand options. ECF No. 38 at 7:8–8:11, 11:8–11:12; ECF No. 10 at 391. The Court notes that there may be some veracity to the claimant's argument that off-task limitations and sit-stand options are used interchangeably but need not decide that question now. But assuming that these are two separate findings that were improperly conflated, situations like this create—through no fault of the claimant—lengthy administrative processes where the Commissioner, by their own mistake, must request remand. Any future findings on the question of off-task limitations and/or sit-stand options should not suffer from the same lack of clarity that currently exists.

The claimant's brief in support of claim for reversal (ECF No. 18) is **DENIED**, and the Commissioner's motion to remand (ECF No. 23) is **GRANTED**. This case is **REMANDED** to the Commissioner for further proceedings.

The claimant's motions for leave to file a supplemental memorandum (ECF No. 37) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the claimant.

**IT IS SO ORDERED.**

/s/ JKW

Jamar K. Walker
United States District Judge

Norfolk, Virginia
November 4, 2026